# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

JANICE JAVORS,

    *Plaintiff,*

  v.

DEPAUL UNIVERSITY,

    *Defendant.*

Case No. 1:19-8403

## COMPLAINT

Now comes the Plaintiff Janice Javors ("Javors"), by and through her undersigned counsel, and for her Complaint against Defendant DePaul University (the "DePaul"), states as follows:

## NATURE OF THE CONTROVERSY

1. This action arises out of the intentional and illegal conduct of certain management personnel at Defendant, DePaul University, against its experienced and diligent employee, Janice Javors. DePaul discriminated against Javors by changing performance evaluation standards, assigning and transferring responsibilities and duties held by Javors to younger employees, and making the working environment so abusive that Javors had to seek professional counseling in an attempt to cope. Javors' supervisor not only discriminated against Javors because of her age, but she retaliated against Javors for reporting this discriminatory behavior.

2. Javors brings this action pursuant to the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq., to redress the acts of employment discrimination and retaliation to which she was subjected to by her supervisor at DePaul.

Javors seeks damages, including exemplary damages, for the injuries she has sustained as a direct and proximate result of the DePaul's discriminatory and retaliatory conduct.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1331 because this action is premised on the Age Discrimination in Employment Act, 29 U.S.C. § 621, et. seq.

4. Venue is proper in this Court under 28 U.S.C. § 1391 because this is the district in which a substantial part of the events or omissions giving rise to the claims occurred.

5. Javors was employed by DePaul in this judicial district at the time of her constructive termination and the decisions adverse to Javors' employment that are the subject of this civil action were made and carried out in this judicial district.

## THE PARTIES

6. Plaintiff, Janice Javors, is 58 years old, a citizen of the United States, and a resident of the State of Illinois. At all times relevant to this action, and until her constructive termination in April of 2018, Javors was employed by DePaul.

7. On information and belief, Defendant, DePaul University, is a non-profit corporation registered with the Illinois Secretary of State and doing business in Illinois with locations throughout Chicago, Illinois.

## FACTUAL BACKGROUND

8. Javors was employed by DePaul beginning in or about 2016 and continuing until her constructive-termination on or about April 27, 2018.

9. Javors is a highly experienced and accomplished real estate operations manager and came to DePaul with significant training and experience.

10. At all times relevant to this Complaint, Javors was over 40 years old.

11. At all times relevant to this Complaint, Javors was employed by DePaul as a Real Estate Operations Manager.

12. During the relevant time period, Javors first reported to Peter Harris. Mr. Harris, Director of Investments, served in that role until he retired at the end of June 2017. During that time, Javors received excellent reviews and had no issues of any kind in the performance of her duties.

13. Beginning almost immediately after Harris retired in June of 2017, Javors was subjected to continual and progressively more severe abusive behavior directed at getting Javors to resign by her new supervisor, Erin Archer ("Archer").

14. Archer immediately began attacking Javors over tasks Archer deemed antiquated. Specifically, Archer believed Javors' use of a calculator was "old school" and that when Javors utilized Excel spreadsheets that she prepared them incorrectly, even though it had never been a problem before and despite the fact that Javors was extremely competent and familiar with Excel.

15. Archer would routinely criticize Javors' written products in a way that no other employee supervised by Arhcer would. It was not uncommon for Archer to make extremely caustic remarks about Javors' written work and publicly humiliate Javors. It eventually got to a point where Javors hired a professional copy writer to assist with the written materials Javors would submit, but it did not change Archer's criticism. In fact, it became progressively worse.

16. When Javors attempted to request a transfer, Archer advised Plaintiff that it would not matter if she received a new supervisor, the environment would remain the same.

17. Eventually, Archer became more direct in her bias. She told Javors that she needed to be more productive like Javors' subordinates who, according to Archer, were "half Javors' age." Archer also told Javors on various occasions that, given her age, she should know better on how to conduct herself and perform her duties.

18. Javors reported these comments to DePaul human resources along with the hostile work environment she was being subjected to, but the conduct did not change. In fact, it got worse.

19. Archer actually treated the male employees far better than Javors as well. Archer did not subject Javors' male counterparts to the same attacks and criticism. She would have the female employees monitor the attendance of female employees, but not do the same to the males.

20. Archer would frequently go around Javors to assign jobs and assignments directly to Javors' male subordinates undermining Javors' authority.

21. While Javors was in charge of all budgets for the department in which they worked, Archer began requiring Javors to request authority for even the most menial acquisitions, something that had never been done and something that was not required of younger or male employees.

22. Eventually Archer accused Javors of lying with respect to the acquisition of an item that costs several hundred dollars and issued a written reprimand and advised Javors she would be fired if not worse for these actions.

23. Javors denied that she lied or did anything in violation of any policy whatsoever.

24. Javors was experiencing so much anxiety as a result of the daily attacks by Archer that she was seeking professional therapy. Following the accusation of lying and the suggestion that she would be terminated for what was, in essence, an accusation of theft, Javors could not continue working and she was forced to resign on April 27, 2018.

25. Javors timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission on February 21, 2019. The EEOC issued Javors a Notice of Right to Sue on September 25, 2019.

## COUNT I
### (Violation of the Age Discrimination in Employment Act)

26. Javors repeats and incorporates by reference, as if fully set forth herein, Paragraphs 1 through 25 above.

27. At all times relevant to this Complaint, there was in effect a law known as the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621-634 et. seq.

28. Javors is a member within the ADEA's protected class because she is an individual over the age of 40.

29. At all relevant times Javors met DePaul's legitimate, non-discriminatory, employment expectations.

30. DePaul's constructive termination of Javors was an adverse employment action.

31. Javors was treated less favorably by DePaul than other younger employees because of her age. Specifically, Archer attacked Javors on a daily basis while not doing the same to other younger employees for the same work-product; assigned duties to

younger employees, when they should have gone to Javors; and excluded Javors from meetings and other conferences while inviting younger employees.

32. DePaul's discrimination against Javors was willful because DePaul had been advised of Archer's conduct and did nothing about any of it in violation of the ADEA or was indifferent to whether Archer's actions violated the ADEA.

33. But for Javors' age, she would not have been deprived of the assignments, duties or responsibilities and she would not have been treated as she was.

WHEREFORE, Plaintiff Janice Javors respectfully requests that this Court: 1) enter judgment in favor of Plaintiff and against Defendant; 2) award Plaintiff back and front pay as proven at a trial on the merits; 3) award Plaintiff exemplary damages for Defendant's willful and wanton conduct; 4) award Plaintiff prejudgment interest as permitted by statute; 5) award Plaintiff her attorneys' fees, costs, and expenses in bringing this action; and 6) award any and all further relief this Court deems fair and equitable.

## COUNT II
### (Retaliation—Age Discrimination in Employment Act)

34. Javors repeats and incorporates by reference, as if fully set forth herein, Paragraphs 1 through 25 above.

35. Beginning in or about November 2018, Javors began to make a series of complaints to DePaul regarding the treatment she received from Archer.

36. Javors' internal complaints to DePaul of age discrimination and hostile work environment was a protected activity under the ADEA.

37. As a result of Javors' internal complaints, Archer retaliated against Javors by assigning more duties and responsibilities to younger employees, continuing if not

increasing the severity of the verbal attacks directed at Javors, refusing to invite Javors to meetings, going around Javors to deal with younger employees, implementing the acquisition policy against Javors only, accusing Javors of lying and stealing from DePaul, and telling Javors she would be terminated.

38. Javors suffered an adverse employment action as detailed above in retaliation for her internal complaint of age discrimination.

39. Archer's retaliation against Javors was willful because DePaul knew retaliation was a violation of the ADEA or was indifferent to whether Archer's actions violated the ADEA.

40. But for Javors' internal complaint of age discrimination, Javors would not have been treated as described above nor constructively terminated by Archer.

WHEREFORE, Plaintiff Janice Javors respectfully requests that this Court: 1) enter judgment in favor of Plaintiff and against Defendant; 2) award Plaintiff back and front pay as proven at a trial on the merits; 3) award Plaintiff exemplary damages for Defendant's willful and wanton conduct; 4) award Plaintiff prejudgment interest as permitted by statute; 5) award Plaintiff her attorneys' fees, costs, and expenses in bringing this action; and 6) award any and all further relief this Court deems fair and equitable.

### COUNT III
### (Gender Discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq.)

41. Javors repeats and incorporates by reference, as if fully set forth herein, Paragraphs 1 through 25 above.

42. Archer intentionally discriminated against Plaintiff in violation of Title VII by, among other things: subjecting Javors to hostile and harassing conduct which male employees were not subject, assigning duties to male employees that were not assigned to Javors, excluding Javors from meetings, subjecting Javors and female employees to heightened scrutiny by asking other female employees to spy on them and report to Archer, subjecting Javors to policies regarding acquisitions that her male counterparts were not subject, and ultimately writing up Javors for an alleged violation of the "acquisition policy" from which Archer advised Javors she would be terminated.

43. These actions denied Javors business opportunities because of her gender, led to evaluations negatively affected because of gender and provided Javors with inferior terms and conditions of employment.

44. As a direct result of DePaul's discriminatory policies and/or practices as described above, Javors suffered damages including, but not limited to, lost past and future income, compensation, and benefits.

45. The foregoing conduct constitutes illegal intentional discrimination and unjustified disparate treatment prohibited by 42 U.S.C. §§ 2000e et seq.

WHEREFORE, Plaintiff Janice Javors respectfully requests that this Court: 1) enter judgment in favor of Plaintiff and against Defendant; 2) award Plaintiff back and front pay as proven at a trial on the merits; 3) award Plaintiff exemplary damages for Defendant's willful and wanton conduct; 4) award Plaintiff prejudgment interest as permitted by statute; 5) award Plaintiff her attorneys' fees, costs, and expenses in bringing this action; and 6) award any and all further relief this Court deems fair and equitable.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues and claims so triable under the Constitution of the United States of America, the Constitution of the State of Illinois, and/or any applicable statute.

Dated: December 23, 2019          Respectfully submitted,

By:   s/ Robert D. Sweeney
      Robert D. Sweeney
      John J. Scharkey
      Garrett H. Nye
      SWEENEY SCHARKEY &
      BLANCHARD, LLC
      230 West Monroe St., Ste 1500
      Chicago, Illinois 60606
      Tel. (312) 384-0500

*Counsel for Janice Javors*